UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| DEBORAH HALE, as Administratrix and Personal Representative of the Estate of John Derek Hale, Deceased;<br><br>And<br><br>DAKOTA DEAN<br><br>PLAINTIFFS<br><br>vs.<br><br>JUSTIN SWOPE, *Individually*<br><br>Serve:    *Justin Swope*<br>           *30 Easy Street*<br>           *Almo, KY 42020*<br><br>DANNY WILLIAMS, *Individually*<br><br>Serve:    *Danny Williams*<br>           *701 Olive Street*<br>           *Murray, KY 42071*<br><br>DEFENDANTS | ELECTRONICALLY FILED<br><br><br><br>Case No. 5:20-cv-178-TBR |

## COMPLAINT

Plaintiffs, Deborah Hale, as Administratrix and Personal Representative of the Estate of John Derek Hale, Deceased, and Dakota Dean, by and through counsel, and for their cause of action against the Defendants, state as follows:

### PARTIES

1. Plaintiff, Deborah Hale is duly appointed Administratrix and Personal Representative of the Estate of John Derek Hale, deceased. See Exhibit A.

2.  Plaintiff, Dakota Dean, is the child of John Derek Hale, deceased.  At all times material hereto, Plaintiff, Dakota Dean was and presently is a citizen and resident of Calloway County, Kentucky.

3.  Defendant, Justin Swope, was and remains a citizen and resident of Calloway County, Kentucky.  At all times material hereto, Swope was a police officer for The City of Murray, Kentucky.  For purposes of this action, Swope is sued in his individual capacity.  Service of process may be effectuated upon this Defendant at 30 Easy Street, Almo, Kentucky 42020.

4.  Defendant, Danny Williams, was and remains a citizen and resident of Calloway County, Kentucky.  At all times material hereto, Williams was a deputy within the Calloway County Sheriff's Department.  For purposes of this action, Williams is sued in his individual capacity.  Service of process may be effectuated upon this Defendant at 701 Olive Street, Murray, KY 42071.

## JURISDICTION AND VENUE

5.  This action is filed seeking damages for violation of the rights of Plaintiffs' decedent, John Hale, in violation of the 4th,  8th and 14th Amendments to the United States Constitution and under the Civil Rights Act of 1871 actionable under 42 U.S.C. §1983, against the Defendants.  Jurisdiction is vested in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. §1331 and §1343. The acts and omissions complained of in this action occurred in Calloway County, Kentucky. Accordingly, venue is proper in the United States District Court for the Western District of Kentucky, Paducah Division, pursuant to 28 U.S.C. §1391 and LR 3.1(b)(4).

## FACTUAL BACKGROUND

6.  Plaintiffs readopt and reallege each allegation set forth in paragraphs 1 through 5 above as if fully set out herein.

7.  On or about the 2nd day of November, 2019, John Hale was walking in an area off of Radio Road near the border of Almo and Dexter in Calloway County, Kentucky.

8.  At the time, Mr. Hale lived at home with his parents. It was common for him to walk down the road to various places.

9.  Mr. Hale, in taking his walks, remained unarmed and was nonthreatening.

10.  On the aforementioned date, Mr. Hale, upon information and belief, walked into the neighborhood where the Defendant Justin Swope resided.

11.  Upon information and belief, Swope's wife, who was home at the time, advised her husband and/or other members of law enforcement of Mr. Hale's presence in the neighborhood.

12.  Upon information and belief, Defendants Justin Swope and Danny Williams responded to Swope's neighborhood and encountered Mr. Hale in a field.

13.  Mr. Hale, at all times leading up to, during and following his interactions with Defendants Swope and Williams, was unarmed and posed no threat.

14.  Mr. Hale was not engaged in criminal activity when approached by Defendants Swope and Williams.

15.  Despite the fact that Mr. Hale posed no threat of serious injury or death to the Defendants Swope and Williams, Defendant Swope shot Mr. Hale multiple times, killing him in the process.

16. Defendant Swope's use of deadly force was unreasonable, grossly negligent, excessive and in violation of clearly established law prohibiting excessive force, assault and battery.

17. At the time shots were fired at Mr. Hale, Hale had his arms in the air.

18. At the time deadly force was used upon Mr. Hale, Hale had committed no crime, posed no immediate threat to the safety of the Defendants and did not actively resist or attempt to evade arrest prior to being repeatedly shot and killed.

19. At the time deadly force was used upon Mr. Hale, there was no legal, constitutional or employment policy authority which provided Defendant Swope with the discretion to use such deadly force under the presented circumstances.

20. The deadly force used by Defendant Swope upon Mr. Hale was objectively unreasonable.

21. The Defendants' actions were made with the malicious intention to cause a deprivation of Mr. Hale's constitutional rights.

22. The use of force on Mr. Hale by the Defendant Swope was unreasonable, excessive, and in violation of clearly established law.

23. Defendant Williams, at all times relevant herein, had a ministerial obligation to intervene upon observing Defendant Swope's unreasonable use of force to prevent the use of additional unreasonable force.

24. Defendant Williams had both the opportunity and the ability to intercede in the acts of Defendant Swope in order to prevent Defendant Swope from killing Mr. Hale.

25. Defendant Williams's failure to intercede to prevent the use of excessive deadly force by Defendant Swope was unreasonable and in violation of his ministerial obligations set forth under law and policy.

26. The Defendants Swope and Williams knew or reasonably should have known that the actions taken would violate Mr. Hale's rights.

27. As a direct and proximate result of the conduct of the Defendants Swope and Williams, Mr. Hale suffered physical injury and emotional trauma when he was shot multiple times and then left to die.

28. As a further direct and proximate result of Mr. Hale's wrongful death, his survivors, next of kin, and/or heirs have suffered permanent damages, including, but not limited to, those recoverable for wrongful death; Mr. Hale's destruction of power to labor and earn income; Mr. Hale's incurred pain and suffering and emotional duress; incurred funeral and burial costs; the loss of consortium suffered by Hale's son Dakota and any and all other damages and expenses.

29. The actions of Defendants Swope and Williams were executed willfully, in bad faith and in blatant violation of Mr. Hale's constitutional and statutory rights.

30. The conduct of the Defendants Swope and Williams was grossly negligent, reckless, malicious, willful, wanton and conducted with a flagrant indifference to the value of human life and was conducted with a subjective awareness that John Hale would be seriously injured or killed. As a result, punitive damages, in addition to compensatory damages, are warranted against the Defendants Swope and Williams.

31. The conduct of the Defendants, Swope and Williams, was conducted under color of state law and in their capacity as law enforcement officers. The conduct of the Defendants, Swope and Williams, was made with malicious intention to deprive John Hale of his constitutional rights, privileges or immunities secured by the Constitution of the United States. Defendants Swope and Williams unlawfully and forcibly engaged in actions which resulted in the use of deadly force which was unreasonable, grossly

negligent, excessive and in violation of clearly established state law and John Hale's constitutional rights.

### COUNT I - 42 U.S.C. § 1983

32.   Defendants Swope and Williams, under color of law, deprived John Hale of rights, privileges, and immunities secured to them by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution including the right to be free of unreasonable seizures, the right to be free of excessive force, cruel and unusual punishment, the right to adequate medical care, and the right to equal protection under the law.

33.   The Defendant Williams had a duty to intervene to prevent the use of excessive force upon John Hale, had a reasonable opportunity to intervene and failed to do so, thus depriving Hale of rights, privileges, and immunities secured to him by the Fourth and Eighth Amendments.

34.   Defendants Swope and Williams, under color of law, deprived John Hale of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by acting with deliberate indifference to his serious medical needs.

35.   The acts of the Defendants, Swope and Williams, were negligent, grossly negligent, objectively unreasonable, intentional, reckless, deliberate and wanton, conducted in bad faith and performed with a total deliberate and reckless indifference and disregard to the rights of and the life of John Hale.

36.   The acts and omissions of the Defendants, Swope and Williams, were conducted in such a fashion to create the risk of harm and injury to John Hale, resulted

in the death of John Hale and served no legitimate state purpose and were committed with reckless and malicious disregard for the rights of John Hale.

37. The acts and omissions of Defendants, Swope and Williams, individually and working in concert one with the other, subjected John Hale to unreasonable and excessive force, cruel and unusual punishment and resulted in the deprivation of his life without due process of law in violation of the 4th, 8th and 14th Amendments to the United States Constitution and the Civil Rights Act of 1871, actionable under 42 U.S.C. §1983.

38. The acts and omissions of the Defendants, Swope and Williams, individually and working in concert one with the other, denied the estate of John Hale and his son, Dakota Hale, due process of law and access to the courts in violation of the 14th Amendment to the United States Constitution.

39. Plaintiffs are entitled to recover compensatory damages including damages for pain and suffering, wrongful death, economic loss, destruction of power to earn money, funeral expenses and the loss of consortium of Dakota Dean. In addition, based upon the acts and omissions of the Defendants, Plaintiffs are also entitled to recover punitive damages.

**WHEREFORE**, Plaintiffs, Deborah Hale, as Administratrix and Personal Representative of the Estate of John Derek Hale, deceased and Dakota Dean respectfully demand judgment against Defendants, Justin Swope, Individually and Danny Williams, Individually as follows:

1. Judgment against Defendant, Justin Swope, individually and Defendant, Danny Williams, individually;

2. A trial by jury on all issues so triable;

3. All costs and reasonable attorney fees in pursuing this matter;

4.    Pre-judgment and post-judgment interest; *and*

5.    All other relief to which the Plaintiffs may appear entitled.

**RESPECTFULLY SUBMITTED:**

Sam Aguiar
Sam Aguiar Injury Lawyers, PLLC
1201 Story Ave
Third Floor
Louisville, KY 40206
P. (502) 400-6969 ~ F: (502) 491-3946
sam@kylawoffice.com

**Gary R. Haverstock**
HAVERSTOCK, BELL & PITMAN, LLP
211 S. 12th Street ~ P.O. Box 1075
Murray, KY  42071
P:  (270) 753-1694 ~ F:  (270) 753-2053
hbp@haverstocklaw.com

By:  /s/ Gary R. Haverstock
      **GARY R. HAVERSTOCK**
      *Attorneys for Plaintiffs*

*This the 30th  day of October, 2020.*